## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Canvasfish.com, LLC,
a Montana Limited Liability Company,

      Plaintiff,                              Case No.: 1:21-cv-3676

         v.

JOHN DOES 1-10,

      Defendants.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

For this Complaint and Demand for Jury Trial in this matter, Plaintiff Canvasfish.com, LLC, by and through its attorneys Revision Legal, PLLC, states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Canvasfish.com, LLC ("Canvasfish") is a Montana Limited Liability Company.

2.     Upon information and belief, Defendants John Does 1-10 ("Defendants") are residents of China.

3.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., the Copyright Act 17 U.S.C. § 501, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

4.     Personal jurisdiction is proper over Defendants because exercise thereof would not offend traditional notions of fair play or substantial justice because Defendants have purposefully availed themselves of this forum state, the cause of action arises from Defendants' activities here, and the Defendants' actions have caused damage to Canvasfish in the state of Illinois.

1

5.     Specifically, Defendants purposefully and intentionally availed themselves of this forum state by manufacturing, importing, distributing, offering for sale, displaying, advertising, and selling counterfeit goods bearing Canvasfish's creative works; by manufacturing, importing, distributing, offering for sale, displaying, advertising, and selling counterfeit goods bearing Canvasfish's trademark; by creating and operating interactive websites that reveal specifically intended interactions with residents of the State of Illinois; and by creating and running Google advertisements selling counterfeit goods specifically to residents of the State of Illinois.

**6.**     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores operating under several aliases. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more aliases identified in Schedule A attached hereto ("Seller Aliases"). They offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products using infringing and counterfeit versions of Canvasfish's federally registered trademarks, copyrighted designs, or both to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Canvasfish substantial injury in the State of Illinois.

## STATEMENT OF FACTS

### Introduction

7.     This action has been filed by Canvasfish to combat e-commerce store operators who trade upon Canvasfish's reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed products, using infringing and counterfeit versions of Canvasfish's federally registered trademark and copies of Canvasfish's federally registered copyright protected Works (the "Counterfeit Products"). Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale and selling Counterfeit Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share unique identifiers, establishing a logical relationship between them and that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their counterfeiting operation. Canvasfish is forced to file this action to combat Defendants' counterfeiting and piracy of the registered trademarks and copyrights, as well as to protect unknowing consumers from purchasing Counterfeit Products over the Internet. Canvasfish has been and continuous to be irreparably damaged through infringement of its valuable trademark and copyrights as a result of Defendants' actions and seeks injunctive and monetary relief.

### Plaintiff's Business

8.     Canvasfish owns the intellectual property rights of Derek DeYoung, who is a well and widely known artist and a graduate of the Kendall College of Art and Design with his principal residence and place of business in Traverse City, Michigan.

3

9.     DeYoung offers his artistic works for sale online via the derekdeyoung.com website.

10.     DeYoung's artistic works primarily focus on fish and fishing, and, in particular, the sport of fly fishing. DeYoung's unique style presents a deviation from traditional fly-fishing art, which typically uses a palate of natural colors, because his work emphasizes the rich and vibrant colors of the fish to produce a compelling result that is unlike any other artist in the field.

11.     Due to the uniqueness of his work, DeYoung has contributed his art to products produced by some of the world's largest manufacturers and retailers of sporting equipment and accessories, including collaborations with Burton Snowboards, Abel Reels, Simms, Costa, OtterBox, Buff, and Wingo Outdoors.

**Plaintiff's Registered Trademarks**

12.     Canvasfish has taken significant steps to protect and register its trademark rights with the United States Patent and Trademark Office ("USPTO") as follows:

| Registration Number | Trademark | Registration Date | Goods/Services |
|---|---|---|---|
| 6,157,362 | DEYOUNG | September 22, 2020 | IC 016: Original works of art namely, paintings<br><br>IC 035: Online retail store featuring artwork, apparel, stickers, phone cases, drinkware, blankets, playing cards, boat wraps, coasters, coolers |

13.     Canvasfish has used the above mark (the "DeYoung Mark") continuously and exclusively on online retail store services since at least as early as October 2006 as well as on original works of art since at least as early as November 2006.

14.     Examples of how Plaintiff uses the DeYoung Mark are depicted below:

*Plaintiff's Website Header:*



*Original Work of Art:*



15.     Canvasfish has expended significant efforts and sums in developing the DeYoung brand, business, and advertising under the DeYoung Mark.

16.     As a result of Canvasfish's consistent, continuous, and exclusive use of the DeYoung Mark in commerce, the mark has become well known across the globe and throughout the United States.

**Plaintiff's Registered Copyrights**

17.     Canvasfish owns several US Copyright Registrations for its unique works of art that it makes available for sale on its website ("DeYoung Works"):

A.  4 in 1 - Face - VA 1-910-379

B.  4 in 1 - Northern Rockies - VA 1-992-855

C.  4 in 1 Full – Brown - VA 1-934-603

D.  4 in 1 Series - VA 1-900-160

E.  4 Panel – Brown October - VA 2-076-270

F.  Abstract Bass Flank - VA 1-970-688

G.  Abstract Brookie Flank - VA 1-934-679

H.  Abstract Brookie Flank 2 - VA 1-934-674

I.  Abstract Brown Flank – Blue - VA 1-970-688

J.  Abstract Brown Rusty Spinner - VA 1-934-676

K.  Abstract Cutthroat Yellowstone - VA 1-934-591

L.  Abstract Rainbow Royal Wulff - VA 1-970-688

M.  Abstract Tarpon Face – Blue - VA 1-970-693

N.  Abstract Tarpon Flank – Keys (Sunlight) - VA 1-970-693

O.  Brown Callibaetis - VA 2-076-693

P.  Contemporary Brook Trout Illustration - VA 1-934-744

Q.  Cubist Brown - VA 2-101-364

R.  Emigrant Risers - VA 2-218-646

S.  Fab Four – Alaska - VA 1-934-684

T.  Fab Four – Trout - VA 1-934-681

U.  Grumpy Barracuda - VA 2-076-246

V.  Henry's Fork Riser - VA 1-934-685

W.  Montana Fly Patch - VA 1-917-463

X.  Permitopia  - VA 2-076-204

Y.  Pumpkinseed on Blue - VA 1-934-627

Z.  Teton Risers – Night - VA 1-934-627

AA.    Trout Confetti 4 - VA 1-934-647

BB.    Trout Confetti 6 - VA 1-934-677

Exhibit 1 – Copyright Proof of Registration


**Defendants' Infringing Businesses**

18.    The success of the DeYoung Mark as used in commerce for online sales as well as its use on the DeYoung Works has resulted in rampant counterfeiting and infringement. Canvasfish has put forth a concerted effort to combat the counterfeiting and infringement activities complained of herein. Canvasfish has identified numerous e-commerce stores including those operating under the Seller Aliases, which were and are offering for sale and/or selling Counterfeit Products to consumers in this Judicial District and throughout the United States. Ecommerce sales, including sales via Defendants' stores, have resulted in a sharp increase in the importation of unauthorized products into the United States. Over 90% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large shipping containers). Over 85% of

CBP seizures originated from mainland China and Hong Kong. Counterfeit and pirated product account for billions in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue. **Exhibit 2** Excerpts from Fiscal year 2018 U.S. Customs and Border Protection ("CBP") Intellectual Property Seizure Statistics Report.

19.     Ecommerce service providers, like those used by Defendants to support their online retail websites, do not subject sellers to adequate identity verification and confirmation procedures. This allows counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." **Exhibit 3**, Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); see also report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), attached as **Exhibit 4**, and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Counterfeiters hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual storefronts. **Exhibit 4** at p. 22. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated. **Exhibit 4** at p. 39. Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." **Exhibit 3** at pp. 186–187.

20.     Defendants John Does 1-10 ("Defendants") are online retailers of clothing goods, including t-shirts, sweatshirts, and masks. They have targeted online sales to Illinois residents by setting up and operating e-commerce stores using the Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, target consumers with online advertising campaigns, and, on information and belief, have sold Counterfeit Products to residents of Illinois.

21.     Upon information and belief, Defendants are residents of China and Vietnamm who operate under a scheme of common ownership and control to create numerous online retail stores under false names and payment accounts to sell clothing products and offer online retail services under a false indication of origin.

22.     Upon information and belief, Defendants also own and operate websites, run online advertisements, and own and operate seller accounts on popular marketplaces such as eBay, AliExpress, Wish, and Amazon.

23.     Defendants spend significant time, effort, and funds to run targeted advertisements geared toward United States consumers including Illinois residents through the use of Google Ads.

**Defendants' Willful Trademark Infringement**

24.     Plaintiff's investigation of Defendants' online stores revealed that, on the tails of Plaintiff's success, Defendants have co-opted the DeYoung Mark. Defendants use the DeYoung Mark directly on their website, in product listing descriptions, on product images in marketing, and as keywords in advertising and indexing.

25.     Examples of Defendants' use of the DeYoung Mark appear below:





26.     Defendants use the DeYoung Mark to promote and sell counterfeit goods to customers online.

27.     Defendants also deceive unknowing consumers by using the DeYoung Mark without authorization within the content, text, and/or meta tags of their e-commerce stores to attract various search engines crawling the Internet looking for websites relevant to consumer searches for authorized products bearing the DeYoung Mark. Other e-commerce stores operating

11

under the Seller Aliases omit using the DeYoung Mark in the item title to evade enforcement efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching for authorized DeYoung products.

28.     Defendants have often posted wholesale copies of Plaintiff's website product listings on their own retail websites.

29.     Defendants often publish an exact copy of Plaintiff's entire listings, including Plaintiff's product descriptions and product images. Example below of an authorized Amazon listing on the left, and an unauthorized Wish.com listing on the right.



30.     Defendants' use of the exact or substantially similar marks to the DeYoung Mark on the same goods and services sold in the same stream of commerce to every-day consumers is highly likely to cause confusion as to the origin of the goods and services among consumers.

31.     After further investigation, Canvasfish found commonalities between the sellers.

32.     The sellers used the same or similar website/storefront templates, most had direct copies or edited copies of authorized Amazon brand page's website product photos containing the DeYoung Mark.

33.     Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases look sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from the genuine stores selling authorized DeYoung products. Canvasfish has not licensed or authorized Defendants to use the DeYoung Mark, and none of the Defendants are authorized retailers of genuine DeYoung Products.

### Defendant's Willful Copyright Infringement

34.     In addition to trading on Plaintiff's DeYoung Mark, Defendants also sell shirts, phone cases, masks, pillows, rugs, vehicle wraps, buffs, and other accessories bearing exact copies of Plaintiff's copyrighted works.

35.     Defendants had access to Plaintiff's works via his online store which is published and available to anyone with internet access.

36.     Upon information and belief, Defendants accessed Plaintiff's works directly from both its website as well as its authorized Amazon brand page and copied entire product listings, including the descriptions of the products, links within the descriptions, and the images containing the works themselves.

37.     When a customer places an order via Defendants' online store, if Defendants decide to fill the order, they print the selected works on low-quality t-shirts, often overseas, and ship the counterfeit products into the United States to the customer.

38.     Examples of Defendants' infringement of Plaintiffs' Works are displayed below:







**Injury to Plaintiff and Consumers**

39.     Defendants' actions described above have damaged and irreparably harmed Canvasfish.

40.     Consumers are highly likely to be confused due to Defendant's use of Plaintiff's exact trademark and copyrighted designs.

41.     If allowed to continue advertising and providing retail store services and online retail store services under the DeYoung Mark, Defendants will further damage and injure Canvasfish's reputation and the goodwill associated with the DeYoung Mark, which are well-known to the relevant consumers as source identifiers for high-quality services.

42.     If allowed to continue advertising and offering products and services under the DeYoung Mark, Defendants will continue to create significant likelihood of consumer confusion that will irreparably harm the public and its interest in being free from confusion.

16

43.     Canvasfish has no adequate remedy at law.

44.     Defendants knew or should have known that its activities described above constitute trademark infringement, copyright infringement, and unfair competition.

45.     Defendants acted knowingly and willfully in reckless disregard of Canvasfish's rights.

## FIRST CLAIM FOR RELIEF
### Trademark Counterfeiting and Infringement
### Under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

46.     Canvasfish restates all prior paragraphs as if fully restated herein.

47.     Defendants have used spurious designations that are identical to or substantially indistinguishable from the DeYoung Mark on goods covered by registrations for the DeYoung Mark.

48.     Defendants' actions as described above are likely to cause confusion mistake or deception as to the origin, sponsorship, or approval of Defendants' products and commercial activities, and therefore constitute trademark infringement, false designation of origin, counterfeiting, and unfair competition in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

49.     Defendants' actions described above have, at all times relevant to this action, been willful.

50.     As a foreseeable, direct, and proximate cause of Defendants' above-described actions, Canvasfish and consumers have been and will continue being irreparably damaged.

## SECOND CLAIM FOR RELIEF
### Trademark Infringement
### Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

51.     Canvasfish restates all prior paragraphs as if fully restated herein.

52. Defendants' actions as described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' products and commercial activities, and therefore constitute trademark infringement, false designation of origin, and unfair competition in violation of § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

53. Defendants' actions described above have, at all times relevant to this action, been willful.

54. As a foreseeable, direct, and proximate cause of Defendants' above-described actions, Canvasfish and consumers have been and will continue being irreparably damaged.

55. Canvasfish has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**Copyright Infringement**
**Under 17 U.S.C. §§ 106 AND 501**

56. Canvasfish incorporates all foregoing paragraphs as if fully restated herein.

57. Canvasfish owns a copyright registration for each of the works stated in paragraph 17 (a)-(t).

58. Canvasfish's Works are widely disseminated via its own website and social media accounts, and on physical products.

59. Defendants had access to Canvasfish's Works.

60. Defendants downloaded Canvasfish's Works from Canvasfish's website and/or authorized Amazon brand page for use in their infringement/counterfeit scheme.

61. Defendants have reproduced, prepared derivative works of, distributed copies of, imported into the US, and displayed publicly works that are identical copies of, and substantially similar to, Canvasfish's works.

62.     As a result of Defendants' infringement, Canvasfish has suffered monetary damages/

63.     Canvasfish is entitled to the recovery of, at its election, statutory damages, actual damages, Defendant's profits, and the costs of this action.

64.     Canvasfish is also entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 and 17 U.S.C. § 106.

65.     Canvasfish is also entitled its attorneys' fees pursuant to 17 U.S.C. § 505 and § 17 U.S.C. § 106.

## PRAYER FOR RELIEF

Canvasfish respectfully requests that the Court enter the following judgment against Defendants:

1.  That the Court preliminarily and permanently enjoin and restrain Defendants, as well as their heirs, successors, assigns, officers, agents, and employees from:

    a.  Reproducing, preparing derivative works of, distributing copies of, and displaying publicly Plaintiff Canvasfish's Works;

    b.  Manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing Plaintiff Canvasfish's trademark or any confusingly similar trademark; and

    c.  Aiding or assisting any other third party in subsections (a) and (b) above;

2.  That the Court award Canvasfish, at its election, its actual damages, lost profits, consequential damages, exemplary damages, statutory damages, and any other damages allowable under law;

19

3. That the Court award Canvasfish its costs and attorneys' fees, and;

4. That the Court award Canvasfish any other relief to which he is entitled.

Respectfully Submitted,

Date: July 12, 2021                    Canvasfish.com, LLC

                                       /s/ Amanda M Osorio
                                       Amanda Osorio
                                       John Di Giacomo
                                       Eric Misterovich
                                       Revision Legal, PLLC
                                       444 Cass St., Suite D
                                       Traverse City, MI 49684
                                       (231) 714-0100
                                       (231) 714-0200 (f)
                                       eric@revisionlegal.com
                                       amanda@revisionlegal.com
                                       john@revisionlegal.com

                                       *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a trial by jury for all eligible counts contained within this Complaint.

Respectfully submitted,

Date: July 12, 2021                         Canvasfish.com, LLC

/s/ Amanda Osorio
Amanda Osorio
*Attorneys for Plaintiff*
Revision Legal, PLLC
444 Cass St., Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Fax: (231) 714-0200
john@revisionlegal.com
eric@revisionlegal.com
amanda@revisionlegal.com