## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Canvasfish.com, LLC,
a Montana Limited Liability Company,

       Plaintiff,

          v.

JOHN DOES 1-XX,

       Defendants.

Case No.:  1:21-cv-03676
Hon. Virginia M. Kendall

---

### PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, ████████████████ ██████████████████████████████████ ██████████████████████████

       Plaintiff Canvasfish.com, LLC ("Plaintiff" or "Canvas") seeks entry of an *ex parte*

temporary restraining order. ███████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████ A Memorandum of Law

in Support is filed concurrently with this Motion.

Respectfully submitted,

                      Canvasfish.com, LLC

Date: August 03, 2021

                      /s/ Amanda Osorio
                      Amanda Osorio
                      *Attorneys for Plaintiff*
                      Revision Legal, PLLC
                      444 Cass St., Suite D
                      Traverse City, MI 49684
                      Phone: (231) 714-0100

eric@revisionlegal.com
amanda@revisionlegal.com

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

CANVASFISH.COM, LLC,
a Montana Limited Liability Company,

        Plaintiff,                       Case No.: 1:21-cv-3676

            v.                          Hon. Virginia M. Kendall

JOHN DOES 1-XX,

        Defendants.

_____

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER,** ████████ ████████ ███
████████ ████████ ████████ ████████ ███ ████████ ███
████████

Plaintiff Canvasfish.com, LLC ("Plaintiff" or "Canvasfish") submits this Memorandum in support of its *Ex Parte* Motion for Entry of a Temporary Restraining Order ("TRO"), ████████
████████████████████████████████████████████████████████████████
████████████████████████████

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff requests temporary *ex parte* relief based on an action for trademark infringement, counterfeiting, false designation of origin, and copyright infringement ████████████████
████████████████████████ (collectively the "Defendants"). As alleged in Canvasfish's Complaint, ████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████. Defendants' ongoing unlawful

activities should be immediately restrained, and Plaintiff Canvasfish respectfully requests that this

Court issue *ex parte* a Temporary Restraining Order.

## II.    STATEMENT OF FACTS

████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████ ████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████

### A.  Standard for Temporary Restraining Order and Preliminary Inunction

District Courts within this Circuit hold that the standard for granting a TRO and the standard for granting a preliminary injunction are identical. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citation omitted). A party seeking to obtain a preliminary injunction must demonstrate: (1) that its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that it will suffer irreparable harm if the injunction is not granted. *See Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

If the Court is satisfied that these three conditions have been met, then it must consider the harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against

the irreparable harm the moving party will suffer if relief is denied. *Id.* Finally, the Court must consider the potential effect on the public interest (non-parties) in denying or granting the injunction *Id.* The Court then weighs all of these factors, "sitting as would a chancellor in equity," when it decides whether to grant the injunction. *Id.* (quoting *Abbott Labs v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)). This process involves engaging in what the Court has referred to as "the sliding scale approach" – the more likely the plaintiff will succeed on the merits, the less the balance of harms need to favor the plaintiff's position. *Id.*

**B. Canvasfish Will Likely Succeed on the Merits**

ii. █████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████ ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████

### C. There Is No Adequate Remedy at Law and Canvasfish Will Suffer Irreparable Harm in the Absence of Preliminary Relief

The Seventh Circuit has "clearly and repeatedly held that damage to a trademark holder's goodwill can constitute irreparable injury for which the trademark owner has no adequate legal remedy." *Re/Max N. Cent., Inc. v. Cook,* 272 F.3d 424, 432 (7th Cir. 2001) (citing *Eli Lilly & Co. v. Natural Answers, Inc.,* 233 F.3d 456, 469 (7th Cir.2000)). Likewise, an injury to a copyright holder that is "not easily measurable in monetary terms, such as injury to reputation or goodwill, is often viewed as irreparable." *EnVerve, Inc. v. Unger Meat Co.,* 779 F. Supp. 2d 840, 844 (N.D. Ill. 2011). Irreparable injury "almost inevitably follows" when there is a high probability of confusion because such injury "may not be fully compensable in damages." *Helene Curtis Industries, Inc. v. Church & Dwight Co., Inc.,* 560 F.2d 1325, 1332 (7th Cir. 1977) (citation omitted). "The most corrosive and irreparable harm attributable to trademark infringement is the inability of the victim to control the nature and quality of the defendants' goods." *Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.,* 846 F.2d 1079, 1092 (7th Cir. 1988). As such, monetary damages are likely to be inadequate compensation for such harm. *Ideal Indus., Inc. v. Gardner Bender, Inc.,* 612 F.2d 1018, 1026 (7th Cir. 1979).



███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████

**D. The Balancing of Harms Tips in Canvasfish's Favor and the Public Interest Is Served by Entry of the Injunction**

As noted above, if the Court is satisfied that Canvasfish has adequately demonstrated (1) a likelihood of success on the merits, (2) no adequate remedy at law, and (3) the threat of irreparable harm if preliminary relief is not granted, then it must next consider the harm that Defendants will suffer if preliminary relief is granted, balancing such harm against the irreparable harm that Canvasfish will suffer if relief is denied. *Ty, Inc.*, 237 F.3d at 895. ██████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██ ███ ████ ██ ████ ██ █████ ████████ ████ ███ ███

███████████████████████████████

████ ██ ███ ██ ████ ████ █████ ████ ██ ████ ██ ██ █

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████

## IV.    THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE

The Lanham Act authorizes courts to issue injunctive relief "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …." 15 U.S.C. § 1116(a).

**A.** ███████████████████████████████████████████████
████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██ ██ ██ █ ██ ██ ███ ███ ███ ████ ██ ██
██████████

████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████





████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████ █████

████████████████████████████████

████████████████████████████████

████████████████████████

## V.    A BOND SHOULD SECURE THE INJUNCTIVE RELIEF

The posting of security upon issuance of a temporary restraining order or preliminary injunction is vested in the Court's sound discretion. *Rathmann Grp. v. Tanenbaum*, 889 F.2d 787, 789 (8th Cir. 1989). Because of the strong and unequivocal nature of Canvasfish's evidence ██ ████████████████████████ Canvasfish respectfully requests that this Court require Canvasfish to post a bond of no more than ten thousand U.S. dollars ($10,000.00) at such time the Court re-opens for in-person civil proceedings. *See, e.g., Deckers Outdoor Corp. v. The Partnerships, et al.* No. 15-cv-3249 (N.D. Ill. April 4, 2015) (unpublished) (referencing the appropriate nature of the $10,000 bond).

## VI.    CONCLUSION

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

14

████████████████████████████████████████████ Canvasfish respectfully

requests that this Court enter a Temporary Restraining Order in the form submitted herewith.

Respectfully submitted,

Date: August 03, 2021                    Canvasfish.com, LLC

                                         /s/Amanda Osorio
                                         Amanda Osorio
                                         John Di Giacomo
                                         Eric Misterovich
                                         *Attorneys for Plaintiff*
                                         Revision Legal, PLLC
                                         444 Cass St., Suite D
                                         Traverse City, MI 49684
                                         Phone: (231) 714-0100
                                         Fax: (231) 714-0200
                                         john@revisionlegal.com
                                         eric@revisionlegal.com
                                         amanda@revisionlegal.com