UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

CANVASFISH.COM, LLC,
a Montana Limited Liability Company,

    Plaintiff,

        v.

JOHN DOES 1-XX,

    Defendants.

Case No.: 1:21-cv-03676
Hon. Virginia M. Kendall

## PRELIMINARY INJUNCTION ORDER

THIS CAUSE being before the Court on Plaintiff Canvasfish LLC's ("Plaintiff" or "Canvasfish") Motion for Entry of a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion in its entirety against the Defendants operating under the known and to be determined seller aliases.

THIS COURT HEREBY finds that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more aliases and domains identified in Schedule A, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products bearing unauthorized copies of the Canvasfish Copyrighted Designs (including U.S. Copyright Registration Nos. Copyrighted Works (including U.S. Copyright Registration Nos. VA 1-910-379, VA 1-992-855, VA 1-934-603, VA 1-900-160, VA 2-076-270, VA 1-970-688, VA 1-934-679, VA 1-934-674, VA 1-970-688, VA 1-934-676, VA 1-934-591, VA 1-970-688, VA 1-970-693, VA 1-934-744, VA 2-101-364, VA 2-218-646, VA 1-934-684, VA 1-934-681, VA 2-076-

246, VA 1-934-685, VA 1-917-463, VA 2-076-204, VA 1-934-627, VA 1-934-647, VA 1-934-677) and/or using infringing and counterfeit versions of the Plaintiff's trademark: DEYOUNG (USPTO Reg. No. 6,157,362).

**Defendants and Defendant's Aliases ("Defendants")**

Canvasfish has provided evidence identifying known aliases of Defendants discovered via its own research included as Schedule A to the Complaint. Furthermore, via expedited discovery granted in the Temporary Restraining Order ("TRO") Canvasfish has uncovered additional aliases of Defendants. It is likely that Canvasfish, through further investigation and as a result of additional third-party discovery will identify additional aliases used by Defendants including new or additional domain names ("Domain Names"), online marketplace seller accounts and names ("Defendant Seller Aliases"), and other linked financial accounts ("Defendant Financial Accounts") as well as the actual identity of Defendant individuals and entities ("Defendants"). This order shall apply to all Defendants including known and later identified defendant aliases including all Domain Names, Defendant Seller Aliases, and Defendant Financial Accounts.

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Canvasfish's previously granted Motion for Entry of a Temporary Restraining Order establishes that Canvasfish has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Canvasfish will suffer irreparable harm if the injunction is not granted. Specifically, Canvasfish has proved a *prima facie* case of trademark infringement because (1)

the Canvasfish Registered Trademark is a distinctive mark and is registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use the Canvasfish Trademark, and (3) Defendants' use of the Canvasfish Trademark is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Canvasfish. Defendants' continued and unauthorized use of the Canvasfish Trademark irreparably harms Canvasfish or through diminished goodwill and brand confidence, damage to Canvasfish's reputation, loss of exclusivity, and loss of future sales. Canvasfish has also proved a *prima facie* of Copyright infringement because (1) Canvasfish is the owner of the relevant federally registered copyrights; (2) The Defendants are willfully and deliberately importing and distributing copies of the Canvasfish Copyrighted Works to the public by sale; and (3) the Defendants' unauthorized copies of the are substantially similar to the Canvasfish Copyrighted Works. Monetary damages fail to address such damage and, therefore, Canvasfish has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions.

      As such, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:
    a. using the Canvasfish Marks, Collection Marks, or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Canvasfish product or not authorized by Canvasfish to be sold in connection with the Canvasfish Marks and Collection Marks;

b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Canvasfish Copyrighted Designs in any manner without the express authorization of Canvasfish;

c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Canvasfish product or any other product produced by Canvasfish, that is not Canvasfish's or not produced under the authorization, control or supervision of Canvasfish and approved by Canvasfish for sale under the Canvasfish Marks, Collection Marks, and/or the Canvasfish Copyrighted Designs;

d. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Canvasfish, or are sponsored by, approved by, or otherwise connected with Canvasfish;

e. further infringing the Canvasfish Marks, Collection Marks, and/or the Canvasfish Copyrighted Designs and damaging Canvasfish's goodwill; and

f. manufacturing, shipping, delivering, importing, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Canvasfish, nor authorized by Canvasfish to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Canvasfish Marks and Collection Marks, or any reproductions, counterfeit copies or colorable imitations thereof and/or which bear the Canvasfish Copyrighted Designs.

2. The name servers for the Domain Names, including, but not limited to, Cloudflare, Registrar-servers.com, Domain Control, and BigCommerce within five (5) business days of receipt of this Order, shall, at Canvasfish's choosing:

    a. unlock and change the registrar of record for the Domain Names, including subsequently identified Domain Names by Canvasfish, to a registrar of Canvasfish's selection until further ordered by this Court; or

    b. disable the Domain Names, including subsequently identified Domain Names by Canvasfish, and make them inactive and untransferable until further ordered by this Court.

3. The domain name registrars, including, but not limited to, GoDaddy Operating Company LLC ("GoDaddy"), Name.com, Namecheap Inc. ("Namecheap"), NameSilo LLC, Mat Bao Corporation, Porkbun LLC, and Google, LLC, within five (5) business days of receipt of this Order shall take any steps necessary to transfer the Domain Names, including subsequently identified Domain Names by Canvasfish, to a registrar account of Canvasfish's selection so that the Domain Names can be redirected or disabled until further ordered by this Court.

4. To the extent the registrar does not facilitate the transfer of the Domain Names to Plaintiff's control within five (5) days of receipt of this Order, upon Plaintiff's request, the top level domain (TLD) Registry for the Domain Names, shall, within ten (10) days of receipt of this Order, (i) unlock, as necessary, the Domain Name; and (ii) change the registrar of record for the Domain Names to the a new registrar of Plaintiff's choice, and the new registrar shall transfer the Domain Name to Plaintiff.

5. Upon Canvasfish's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' known or subsequently identified aliases including Domain Names and Defendant Seller Aliases, including, without limitation, any online marketplace

platforms, privacy service providers such as Shopify, WhoIsGuard, Private by Design LLC, Cloudflare, Domains by Proxy, LLC, whoisprotection.cc, PrivacyGuardian.org, Domain Protection Services, Inc., BigCommerce, Ebay, and Etsy, and Social Media companies, including, without limitation, Facebook, Instagram, and Twitter, (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Canvasfish expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated advertising, sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces, Domain Names, Online Seller Aliases, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces, Online Seller Aliases, and Domain Names; and

c. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, Amazon

        Pay, Wish.com, Stripe, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6. Upon Canvasfish's request, those with notice of the injunction, including the Third-Party Providers as defined in Paragraph 4, shall, within ten (10) business days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiff's Trademarks and/or which bear the Canvasfish Copyrighted Designs.

7. Defendants shall be temporarily and preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

8. Any Third-Party Providers identified herein or through discovery, including but not limited to, PayPal, Alipay, Wish.com, Stripe, Payoneer, and Amazon Pay, shall, within five (5) business days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' aliases, Online Marketplaces Online Seller Aliases, and Domain Names, including, but not limited to, any financial accounts connected to the information listed in <u>Schedule A</u> hereto and any additional information provided for Defendants by third parties or identified by Canvasfish; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

9. Canvasfish is authorized to issue expedited written discovery, pursuant to the Federal Rules of Civil Procedure 33, 34 and 36, related to:

Case: 1:21-cv-03676 Document #: 33 Filed: 09/09/21 Page 8 of 9 PageID #:1953

    a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces, Online Seller Alisases, Domain Names, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces and Domain Names.

Canvasfish is authorized to issue any such expedited discovery requests via e-mail. Defendants shall respond to any such discovery requests within ten (10) business days of being served via e-mail.

10. Canvasfish may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order and other relevant documents on a website to which the Domain Names which are transferred to Canvasfish's control will redirect, or by sending an e-mail to the e-mail addresses identified via expedited discovery. The Clerk of the Court is directed to issue a single original summons in the name of "hare8tees.com and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars, Third-Party service providers, and

payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

11. Plaintiff's Complaint, Plaintiff's Motion for Entry of a Temporary Restraining Order, Plaintiff's Memorandum in Support of the Motion for Entry of a Temporary Restraining Order, the accompanying Declaration of Alejandro Rodriguez, and Exhibits thereto, Plaintiff's Motion Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3), Plaintiff's Memorandum in Support of the Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3), Plaintiff's Notification of Affiliates, Plaintiff's Notice of Claims Involving Trademarks, and the Temporary Restraining Order are unsealed.

12. Canvasfish's bond in the amount of Ten Thousand Dollars ($10,000.00) shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

13. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Northern District of Illinois Local Rules.

IT IS SO ORDERED.

Dated: 9/9/2021

Hon. Virginia M. Kendall
United States District Judge