IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANVASFISH.COM, LLC, a Montana limited liability company,<br><br>   Plaintiff,<br><br> -against-<br><br>JOHN DOES (1-10), et al.,<br><br>   Defendants. | Case No. 1:21-cv-03676-VMK |

**OPENCOMMERCE GROUP, INC.'S AND DINO21, LLC d/b/a TEESHIRT 21'S EMERGENCY MOTION TO DISSOLVE *EX PARTE* TEMPORARY RESTRAINING ORDER AND MODIFY PRELMINARY INJUNCTION ORDER**

  PLEASE TAKE NOTICE that on Friday, September 24, 2021, at 9:00am Central, or as soon thereafter as counsel may be heard, OpenCommerce Group, Inc. and Dino21, LLC d/b/a Teeshirt21 shall appear before Judge Virgnia M. Kendall, at the United States District Court for the Northern District of Illinois at 219 S. Dearborn St., Chicago, Illinois 60604, Room 2503, and shall then present OpenCommerce Group, Inc. and Dino21, LLC d/b/a Teeshirt21's EMERGENCY MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND MODIFY PRELIMINARY INJUNCTION ORDER.

**INTRODUCTION**

  On August 10, 2021, this Court entered an *ex parte* temporary restraining order ("TRO") freezing millions of dollars belonging to defendants and third parties. It has come to the movants' attention, however, that the Plaintiff never filed an unredacted motion for temporary restraining order; they mistakenly filed another document in its absence. So the Court entered the TRO based on a motion that was never filed with the Court until yesterday, and which the Court has never

seen. Accordingly, the TRO should be dissolved. *See Myers v. Frontier PMS*, 2021 WL 2906065, at *6 (E.D. Tex. June 15, 2021) ("A Rule 65(b)(4) motion to dissolve . . . should be granted where the TRO was improperly issued"), *report and recommendation adopted*, 2021 WL 2894096 (E.D. Tex. July 9, 2021).

## ARGUMENT

Non-party OpenCommerce Group, Inc. and Defendant Dino21, LLC d/b/a Teeshirt21's (collectively, the "Affected Parties") respectfully bring this Emergency Motion to dissolve the *Ex Parte* Temporary Restraining Order entered on August 10, 2021 (Dkt. 21) ("TRO") and modify the Preliminary Injunction Order dated September 9, 2021 (Dkt. 33) to the extent the Preliminary Injunction Order left the TRO in place, on the ground that the TRO was improperly entered.

On August 10, 2021, the Court granted an *ex parte* TRO that resulted in the freezing of millions of dollars of assets causing irreparable harm to non-parties and defendants alike. *See* Ex. A; Dkt. 21.[1] On September 9, 2021, the Court entered a Preliminary Injunction Order that left the *ex parte* TRO in place. *See* Ex. B; Dkt. 33. For over a month now, the Affected Parties impacted by this TRO have been suffering irreparable harm to the point where both businesses are on the verge of collapse.[2] There is only one problem: Plaintiff **_never filed_** an unredacted motion for an *ex parte* TRO. Plaintiff did file a *redacted* TRO motion (Dkt. 17) (Ex. F), but that document is redacted in its entirety (including the entire section that purports to explain why an asset freeze is appropriate), except for a couple paragraphs of generic legal standards. But instead of filing an

---

[1] All exhibits are to the Declaration of Vivek Jayaram ("Jayaram Decl.") filed concurrently with this motion.
[2] On September 17, 2021, OpenCommerce Group, Inc. filed a Motion to Expedite (Dkt. 48) the briefing schedule and hearing on its original Motion to Modify the TRO (Dkt. 35). The Motion to Expedite (Dkt. 48) and supporting declaration (Dkt. 48-1) provide just some examples of the irreparable harm being suffered by the Affected Parties as a result of the improperly entered TRO. *See* Ex. J.

2

unredacted TRO motion for the Court to view under seal, Plaintiff "inadvertently" filed a *different* document: a motion for electronic service of process (Dkt. 18) (Ex. G). The Court apparently never noticed the error, and never reviewed the substance of Plaintiff's TRO motion before entering the TRO. Jayaram Decl., ¶¶ 9, 17, 22.

In other words, a crippling *ex parte* TRO was granted, resulting in the freezing of millions of dollars of assets belonging to defendants and non-parties alike, **_without the Court ever seeing_** the motion in which that extraordinary relief was requested or the grounds for the requested relief.[3] The Affected Parties were not aware of this until late last night, when Plaintiff's counsel finally alerted them to the mistake. *See* Ex. D; Jayaram Decl., ¶¶ 10-17. The reason the Affected Parties did not (and could not) discover the error any sooner is because the docket entry that supposedly contained (but did not contain) Plaintiff's unredacted TRO motion remained sealed until last night, and Plaintiff *refused to provide* the Affected Parties with a copy of the never-filed unredacted TRO motion before yesterday—despite repeated requests from the Affected Parties over the past several weeks (Jayaram Decl., ¶¶ 6-8), and despite representing in its motion for electronic service that it would complete service "by publishing a link to the Amended Complaint, the Temporary Restraining Order *and other relevant documents* on a website to which the Domain Names that are transferred to Plaintiff's control pursuant to the Temporary Restraining Order." Dkt. 16 at 1; Ex. G at 1.[4]

---

[3] Plaintiff's counsel seems to think it is sufficient that the Court saw the completely *redacted* version of its TRO motion and the supporting declaration of Derek DeYoung (Dkt. 18-1). *See* Ex. F. It is not.

[4] Although Plaintiff published a link to the *original* Complaint and Temporary Restraining Order on various websites, it has never filed an Amended Complaint that names OpenCommerce Group, Inc. as a defendant or asserts any specific allegations against either of the Affected Parties. Jayaram Decl., ¶ 8. Plaintiff never published a link to its unredacted TRO motion on any website, and never provided a copy of the motion to the Affected Parties—meaning the Affected Parties had no way of knowing what Plaintiff represented to the Court that led the Court to allow such a

Even though the Affected Parties had been requesting that Plaintiff's counsel provide them with Plaintiff's unredacted TRO motion for weeks, it was not until counsel for Plaintiff and the Affected Parties appeared before the Court for a scheduled hearing on September 22, 2021, that counsel for Plaintiff finally agreed to provide the Affected Parties with a copy of its sealed TRO motion, which Plaintiff's counsel told the Court she would do as soon as the hearing was over. Jayaram Decl., ¶¶ 6-9.

Following the hearing, counsel for Plaintiff emailed counsel for the Affected Parties a link to a folder that she said contained "Plaintiff's motion and memorandum, including all exhibits, in support of its motion for a temporary restraining order in this case." Ex. C; Jayaram Decl., ¶ 10. Counsel for OpenCommerce responded to Plaintiff's counsel by pointing out the folder she sent did not contain Plaintiff's unredacted TRO motion. *See* Jayaram Decl., ¶ 11; Ex. D at 5 ("Unless I am missing something, I do not see Plaintiff's motion for TRO [in the folder] . . . To be clear, we'd like to see the unsealed version of Plaintiff's motion for a TRO (Dkt. 18), and any declarations and exhibits submitted in support thereof."). Plaintiff's counsel responded that there must have been a file mix-up, and that she would provide the unredacted TRO "right now." Jayaram Decl., ¶ 12; Ex. D at 5. More than three hours later, Plaintiff's counsel emailed counsel for the Affected Parties a new folder, representing that this folder contained "our motion for TRO." Jayaram Decl., ¶ 113; Ex. E.

***More than five hours later***, at 9:20pm EST, Plaintiff's counsel emailed counsel for the Affected Parties, stating as follows:

> Upon reviewing our files today I realized that **I inadvertently saved and filed the wrong motion and memorandum in support as the motion and memorandum in support of Plaintiff's motion for TRO in this case on August 03, 2021**. I

---

sweeping asset freeze to take place. *Id.*, ¶¶ 6, 8. As it turns out, Plaintiff told the Court nothing at all. *Id.*, ¶ 22.

4

> spoke with Judge Kendall's deputy today and she advised that we can file the corrected document referencing ECF 18 to preserve the record. **The motion that was included in my second email to you all today is the correct motion**. . . . Also, Judge Kendall's chambers told me that they will be working to unseal the record hopefully tomorrow.

Ex. D at 2-3 (emphasis added). The following morning, counsel for OpenCommerce responded to this email and asked, among other things, "What does it mean to say that the version you sent us yesterday is the 'correct' version, and the version you filed with the Court is not?" and "What are the differences between the TRO motion you filed on August 3 and the TRO motion you sent us yesterday?" Ex. D at 2. Plaintiff's counsel's response stated that "[t]he court did receive the redacted motion and memorandum for TRO as well as the sealed declaration of Derek DeYoung and all supporting evidence on August 3, 2021. We did not know until late yesterday that the sealed version of the motion I filed was mislabeled and was therefore not the correct motion." Ex. D at 1. Based on this response, it is clear that Plaintiff's counsel failed to provide the Court with an unredacted courtesy copy of the sealed TRO motion, as required by Local Rule 26.2(e). This means the Court granted the *ex parte* TRO **_without ever seeing_** the motion in which that extraordinary relief was requested or the grounds for the requested relief. Jayaram Decl., ¶ 17.

At some point last night, Plaintiff filed—for the first time—an unredacted version of its motion for an *ex parte* TRO. *See* Dkt. 56; *see also* Ex. I. Plaintiff's counsel claims that this is somehow the "correct" TRO motion, because this is the motion that she *meant* to file on August 3, 2021. [5] *See* Ex. D at 2-3. But the motion is dated September 22, 2021 (*see* Ex. I at 17), not August 3. Moreover, although the motion that was emailed to the Affected Parties on September 22 is dated August 3, 2021 (*see* Ex. E at 17), the document's metadata reflects that the document

---

[5] Furthermore, Plaintiff's counsel appears to have asked the Judge's Courtroom Deputy to treat *this* as the basis for the TRO entered by the Court (*see* Ex. D at 2-3), even though the Court **_has never seen this document_**. Jayaram Decl., ¶¶ 21-22

5

was not created until September 22. See Ex. H; Jayaram Decl., ¶ 20. As such, there is no way of knowing whether the unredacted TRO motion that Plaintiff now wishes to now substitute for the document it *did* file on August 3, 2021, even existed on August 3. And in any event, it is patently improper for the Court to accept this filing now and rely on it retroactively as grounds for the TRO it entered nearly six weeks ago. *See, e.g.*, *KDH Consulting Grp. LLC v. Iterative Cap. Mgmt. L.P.*, 2020 WL 2554382, at *5 (S.D.N.Y. May 20, 2020) ("A court may grant a motion to dissolve a TRO pursuant to Rule 65(b)(4) if the TRO was improperly issued."); *see also Myers v. Frontier PMS*, 2021 WL 2906065, at *6 (E.D. Tex. June 15, 2021) (dissolving TRO on emergency motion and stating that "the court can dissolve the TRO . . . if the TRO was not issued in accordance with applicable procedural law, or otherwise improperly issued"), *report and recommendation adopted*, 2021 WL 2894096 (E.D. Tex. July 9, 2021).

The TRO in this case was entered on improper grounds—indeed, it was entered on no grounds at all—and it should be immediately dissolved. Plaintiff's attempt to swap out the motion it never filed for a new motion now, six weeks after the fact, should be rejected.

## CONCLUSION

Non-party OpenCommerce Group, Inc. and Defendant Dino21, LLC d/b/a Teeshirt21 respectfully request that the Court grant this Emergency Motion and (1) dissolve the Court's August 10, 2021 *Ex Parte* Temporary Restraining Order (Dkt. 21); (2) modify the Preliminary Injunction Order entered on September 9, 2021 (Dkt. 33) to the extent it left the TRO in place; and (3) strike ECF No. 56 from the Docket.

Dated: September 23, 2021  Respectfully submitted,

JAYARAM LAW, INC.

By: */s/ Vivek Jayaram*
    Vivek Jayaram
    Palak V. Patel
    125 S. Clark Street, Suite 1175
    Chicago, IL 60603
    (312) 212-8676
    vivek@jayaramlaw.com
    palak@jayaramlaw.com

*Attorneys for OpenCommerce Group, Inc.*

James E. Griffith
Ziliak Law, LLC
141 W. Jackson Blvd. Suite 4048
Chicago, IL 60604
Tel.: (312) 423.7832
griffith@ziliak.com

Atul R. Singh (*pro hac vice*)
ELLENOFF GROSSMAN & SCHOLE LLP
1345 Avenue of the Americas, 11th Floor
New York, NY 10105
Tel.: (212) 370-1300
asingh@egsllp.com

*Attorneys for Defendant Teeshirt21*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing has been served on September 23, 2021 via the Court's CM/ECF system on all counsel of record.

By: */s/ Vivek Jayaram*
Vivek Jayaram
125 S. Clark Street, Suite 1175
Chicago, IL 60603
(312) 212-8676
vivek@jayaramlaw.com

*Attorneys for OpenCommerce Group, Inc.*
