UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

CANVASFISH.COM, LLC,
a Montana Limited Liability Company,

    Plaintiff,

        v.

JOHN DOES 1-10, *et al*,

    Defendants.

Case No.: 1:21-CV-03676
Honorable Virginia M. Kendall

_____

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiff Canvasfish.com, LLC ("Plaintiff" or "Canvasfish"), by and through its attorneys Revision Legal, PLLC, submits the following memorandum in support of its Motion for Default and Default Judgment against the Defaulting Defendants[1] identified in **Exhibit 1** based on Plaintiff's action for trademark infringement, counterfeiting, and copyright infringement.

## STATEMENT OF FACTS

Plaintiff Canvasfish is an online retailer that owns many copyright works of the author and illustrator Derek DeYoung. Canvasfish operates to promote the artistic works of Derek DeYoung. The Canvasfish business and Derek DeYoung's artistic works are globally renowned for their unique take on sport fishing species, particularly those popular among fly-fishers. DeYoung's unique style presents a deviation from traditional fly-fishing art, which typically uses a palate of natural colors, because his work emphasizes the rich and vibrant colors of the fish to produce a compelling result that is unlike any other artist in the field. Due to the uniqueness of his work,

---

[1] The remaining defendants will be included in a motion to dismiss this matter or remain in this litigation.

1

DeYoung has contributed his art to products produced by some of the world's largest manufacturers and retailers of sporting equipment and accessories, including collaborations with Burton Snowboards, Abel Reels, Simms, Costa, OtterBox, Buff, and Wingo Outdoors.

Defendants have stolen and replicated the original works of DeYoung subject to Canvasfish copyrights and have applied Plaintiff's DEYOUNG trademark with the intention of passing of their infringing products as authorized copies. Defendants are engaged in a complex counterfeiting scheme, in which they hide behind many confusing aliases and false identities in order to make it difficult for Plaintiff to enforce its intellectual property rights.

On August 10, 2021, this Court granted Canvasfish's Motion for Entry of a Temporary Restraining Order ("TRO"). [21] The TRO authorized Canvasfish to provide notice of these proceedings to Defendants by electronically publishing a link to the Amended Complaint, the TRO, and other documents on a website to which the domain names transferred to Plaintiff's control redirect, or by sending an email to the email addresses identified for Defendants provided by third parties. [21]. On August 26, 2021, this Court granted Canvasfish's Motion to Extend the TRO. [26].

Since the entry of the TRO and an extension, this Court entered a preliminary injunction order on September 9, 2021 furthering the orders granted in the TRO. [33]. On September 24, 2021 this court took action dissolving the TRO as to certain defendants. [62] None of the defendants subject to the dissolution of that order are included in this motion. Plaintiff now comes before this Court again requesting entry of default judgment against the defendants identified in **Exhibit 1**.

## ARGUMENT

I. **JURISDICTION AND VENUE AND PROPER IN THIS COURT**

This Court has subject matter jurisdiction over the claims in this action pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq*., the Copyright Act 17 U.S.C. § 501, *et seq.*, 28 U.S.C. §§ 1338(a)-(b), and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over the Defaulting Defendants due to the Defaulting Defendants' intentional acts to target its infringing activities toward residents of this Judicial District. Specifically, the Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more aliases through which Illinois residents can purchase unauthorized Plaintiff's Products. *See* ECF No. 9 at ¶¶ 6, 26 - 28, 30, and 33-38. *Christian Dior Couture, S.A. v. Lei Liu et al.,* 2015 U.S. Dist. LEXIS 158225 at 6 (N.D. Ill. Nov. 17, 2015) (personal jurisdiction proper over defendants offering to sell alleged infringing product to United States residents, including Illinois; no actual sale required). Each of the Defaulting Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Canvasfish substantial injury in the State of Illinois.

## II.     ENTRY OF DEFAULT IS PROPER

"[W]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Defaulting Defendants were served on August 30, 2021 and September 3, 2021, as detailed in **Exhibit 1**. **Exhibit 2**, Osorio Declaration. The Defaulting Defendants have failed to plead or otherwise defend. **Exhibit 2**, Osorio Declaration. Upon information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forced. **Exhibit 2**, Osorio Declaration. As a result, entry of Default against the Defaulting Defendants is proper pursuant to Fed. R. Civ. P. 55(a).

### III. ENTRY OF DEFAULT JUDGMENT IS PROPER

In cases not seeking a sum certain, Rule 55(b)(2) permits the Court to enter default judgment, which establishes that the Defaulting Defendants are liable to Plaintiff for the claims within Plaintiff's complaint. *United States v Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). Upon entry of default, all well-pleaded allegations of a complaint, other than those relating to damages, are taken as true. *E360 Insight v The Spamhaus Project*, 500 F. F.3d 594, 602 (7th Cir. 2007).

#### A. Trademark Infringement and Counterfeiting

A defendant is liable for trademark infringement and counterfeiting under the Lanham Act if it, "without the consent of the registrant, use[s] in commerce, any reproduction, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods … which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1). Plaintiff's Lanham Act claims involve the same elements. *See Packaging Supplies, Inc. v. Harley-Davidson, Inc.*, No. 08 C 400, 2011 WL 1811446, at *5 (N.D. Ill. May 12, 2011). A Lanham Act trademark infringement claim has two elements. *See* 15 U.S.C. § 1125(a). First, a plaintiff must show "that its mark is protected under the Lanham Act." *Barbecue Marx, Inc. v. 551 Ogden, Inc.*, 235 F.3d 1041, 1043 (7th Cir. 2000). Second, plaintiff must show that the challenged mark is likely to cause confusion among consumers. *Id*.

Plaintiff alleged in its Complaint that it is exclusive owner of United States Trademark Registration No. 6,157,362 for DEYOUNG, (the "DeYoung Mark"). ECF No. 1 at ¶ 12. This trademark registration is *prima facie* evidence of Plaintiff's ownership of and the validity of the DeYoung Mark. 15 U.S.C. § 1115 ("Any registration…of a mark registered on the principal register shall be admissible in evidence and shall be prima facie evidence of the validity of the registered mark…."). Since the Defaulting Defendants failed to answer or otherwise defend, this

Court must accept the allegation in Plaintiff's Amended Complaint as true. Fed. R. Civ. P. 8(b)(6); *E360 Insight*, 500 F.3d at 602. As a result, Plaintiff has satisfied the first element of its infringement claims under the Lanham Act.

Plaintiff also alleged that Defendants owned and operated ecommerce stores that improperly used the Plaintiff's DeYoung Mark, sold counterfeit products bearing Plaintiff's DeYoung Mark, and that such activities was likely to cause confusion as to the source and origin of the relevant goods. ECF No. 1 at ¶¶ 23-33. Since the Defaulting Defendants failed to answer or otherwise defend, this Court must accept the allegation in Plaintiff's Complaint as true. Fed. R. Civ. P. 8(b)(6); *E360 Insight*, 500 F.3d at 602. As a result, Plaintiff has satisfied the second element of a trademark infringement claim.

Therefore, Plaintiff requests entry of default judgment with respects to its First and Second Claims for Relief pursuant to 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a)(1)(A).

### B. Copyright Infringement

The United States Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner … is an infringer of the copyright." 17 U.S.C. § 501. Among these rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the Plaintiff's Copyrighted Designs to the public. 17 U.S.C. § 106.

To establish a claim for copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007) (internal citations omitted). Copying can be shown through direct evidence, or it can be inferred where a defendant had access to the copyrighted work and the accused work is substantially similar. *Spinmaster, Ltd. v. Overbreak*

*LLC*, 404 F. Supp. 2d 1097, 1102 (N.D. Ill. 2005). To determine whether there is a substantial similarity that indicates infringement, Courts use the "ordinary observer" test which asks whether "an ordinary reasonable person would conclude that the defendant unlawfully appropriated protectable expression by taking material of substance and value." *Id.* A work may be deemed infringing if it captures the "total concept and feel of the copyrighted work." *Id.* Plaintiff alleged in its Complaint that it is exclusive owner of the following Copyright Registrations:

> A. 4 in 1 - Face - VA 1-910-379
>
> B. 4 in 1 - Northern Rockies - VA 1-992-855
>
> C. 4 in 1 Full – Brown - VA 1-934-603
>
> D. 4 in 1 Series - VA 1-900-160
>
> E. 4 Panel – Brown October - VA 2-076-270
>
> F. Abstract Bass Flank - VA 1-970-688
>
> G. Abstract Brookie Flank - VA 1-934-679
>
> H. Abstract Brookie Flank 2 - VA 1-934-674
>
> I. Abstract Brown Flank – Blue - VA 1-970-688
>
> J. Abstract Brown Rusty Spinner - VA 1-934-676
>
> K. Abstract Cutthroat Yellowstone - VA 1-934-591
>
> L. Abstract Rainbow Royal Wulff - VA 1-970-688
>
> M. Abstract Tarpon Face – Blue - VA 1-970-693
>
> N. Abstract Tarpon Flank – Keys (Sunlight) - VA 1-970-693
>
> O. Brown Callibaetis - VA 2-076-693
>
> P. Contemporary Brook Trout Illustration - VA 1-934-744

    Q.  Cubist Brown - VA 2-101-364

    R.  Emigrant Risers - VA 2-218-646

    S.  Fab Four – Alaska - VA 1-934-684

    T.  Fab Four – Trout - VA 1-934-681

    U.  Grumpy Barracuda - VA 2-076-246

    V.  Henry's Fork Riser - VA 1-934-685

    W.  Montana Fly Patch - VA 1-917-463

    X.  Permitopia - VA 2-076-204

    Y.  Pumpkinseed on Blue - VA 1-934-627

    Z.  Teton Risers – Night - VA 1-934-627

    AA.    Trout Confetti 4 - VA 1-934-647

    BB.    Trout Confetti 6 - VA 1-934-677

(the "DeYoung Works"). ECF No. 1 at ¶ 17. Plaintiff also alleged that Defaulting Defendants had access to and copied the DeYoung Works in violation of Plaintiff's 17 U.S.C. § 106 rights. ECF No. 1 at ¶¶ 33 – 38.

Since the Defaulting Defendants failed to answer or otherwise defend, this Court must accept the allegation in Plaintiff's Complaint as true. Fed. R. Civ. P. 8(b)(6); *E360 Insight*, 500 F.3d at 602. As a result, Plaintiff has satisfied the elements of a copyright infringement claim. Therefore, Plaintiff requests entry of default judgment with respects to its Third Claim for Relief for copyright infringement in violation of 17 U.S.C. §§ 106 and 501.

    **IV.**    **PLAINTIFF IS ENTITLED TO DAMAGES**

        **A. Plaintiff is Entitled to Injunctive Relief for Common Law Trademark Infringement**

Pursuant to 15 U.S.C. § 1117(a), Plaintiff may recover the Defaulting Defendants' profits,

Plaintiff's damages, and the costs of this action for the infringement of Plaintiff's common law marks under 15 U.S.C. § 1125(a). Plaintiff is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a). Given the facts and circumstances of this case, Plaintiff elects to receive injunctive relief only as to its First Claim for Relief and to receive statutory damages under its Second and Third Claims for Relief.

### B. Plaintiff is Entitled to Statutory Damages for Trademark Infringement and Counterfeiting

A plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). For willful counterfeiting, the Court may award statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2). The lack of information regarding Defaulting Defendants' sales and profits makes statutory damages particularly appropriate for default cases like the instant case. *Lorillard Tobacco Co.*, 2004 U.S. Dist. LEXIS 22563, at *9 (N.D. Ill. 2004) citing *Louis Vuitton v Velt*, 211 F. Supp 2d 567, 583 (E.D. Pa 2002) (citing S.Rep. No.177, 104th Cong. 1995). Likewise, Courts have recognized that statutory damages should be awarded without requiring an evidentiary hearing. See *Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2008 U.S. Dist. LEXIS 31761, at *11 (N.D. Ill. Apr. 17, 2008).

"Willful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights." *Lorillard Tobacco Co. v. S & M Cent. Serv. Corp.*, 2004 LEXIS 22563, *19-20 (N.D. Ill. Feb. 25, 2005). As such, knowledge need not be proven directly, but can be inferred from a defendant's conduct. *Id.* at 20. In this case, Plaintiff has alleged that the Defaulting

8

Defendants operate under a common scheme of ownership and control to create numerous online retail stores under false names and payment accounts to sell clothing products under a false indication of origin. ECF No. 1 at ¶ 21. That this scheme operated on popular ecommerce platforms, uploaded stolen images to those stores, and advertised counterfeit products through social media outlets. *Id*. at ¶ 36, 58. Defendants advertise these infringing and counterfeit goods while selling low quality goods or shipping nothing at all. *Id*. at ¶ 37.

The Lanham Act permits this Court to award statutory damages "as the court considers just." 15 U.S.C. § 1117(c). Courts compare statutory damages under the Lanham Act to those available under 17 U.S.C. § 504(c) of the Copyright Act. Under the Copyright Act, the Court "enjoys wide discretion" to award statutory damages. *F.E.L. Publications v Catholic Bishop of Chicago*, 754 F.2d 216, 219 (7th Cir. 1985). And when the infringement is willful, the statutory award may be designed to penalize the infringer and to deter future violations. *Illinois Bell Tel. Co v Haines & Co*, 905 F.2d 1081, 1089 (7th Cir. 1990).

As a result, Plaintiff requests an award of $500,000 per infringement of its registered mark, as detailed in **Exhibit 1**. Plaintiff contends this amount, which is 25% of the maximum statutory damages permitted by law, is easily justified under the circumstances.

### C. Plaintiff is Entitled to Statutory Damages for Copyright Infringement

Pursuant to 17 U.S.C. § 504(b), Plaintiff may elect, at any time before final judgment is rendered, to recover statutory damages instead of actual damages. And pursuant to 17 U.S.C. § 504(c)(2), the Copyright Act permits an award of $150,000 in statutory damages for willful infringement.

The standard to award statutory damages under the Copyright Act is found in *Chi-Boy Music v Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991). Under the *Chi-Boy* framework, the

court is "not required to follow any rigid formula but instead enjoys wide discretion" in awarding statutory damages. *Id*. The court may consider factors such as "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent." *Id*. Furthermore, statutory damages may be necessary to "penalize the infringer and deter future violations" when the infringement was willful. *Id*. at 1230. Again, Plaintiff's analysis above has addressed the fact that Defendants engaged in a common scheme to perpetuate widespread illegal behavior against Plaintiff's rights. As a result, Plaintiff elects to recover statutory damages and seeks an award of $150,000 per work infringed as detailed in **Exhibit 1**.

### V. PLAINTIFF IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF

Finally, Plaintiff is entitled to entry of a permanent injunction enjoining the Defaulting Defendants from infringing its trademark and copyright rights, including at least all injunctive relief previously awarded by this Court in the Preliminary Injunction. Plaintiff is also entitled to injunctive relief in order to enforce its rights against any new websites found to be linked or otherwise associated with the Defaulting Defendants selling counterfeit products rightfully owned by Plaintiff.

### CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter Default and Default Judgment against each Defaulting Defendant and award damages, as detailed on **Exhibit 1**: (i) award statutory damages in the amount of $500,000 against each Defaulting Defendant in respect to each infringement and counterfeiting of Plaintiff's registered trademark rights pursuant to 15 U.S.C. § 1114 (Second Claim for Relief); (ii) award statutory damages in the amount of $150,000 in respect to each copyright infringement pursuant to 17 U.S.C. § 504 (Third Claim for

Relief); and (iv) award permanent injunctive relief transferring the domain names used by the Defaulting Defendants to Plaintiff and transferring all assets in Defaulting Defendants' financial accounts, including those operated by PayPal, to Plaintiff. Plaintiff requests this Court enter the Proposed Order at Exhibit A to Plaintiff's Motion.

Respectfully submitted,

Date: September 25, 2021

/s/ Amanda Osorio
Revision Legal, PLLC
444 Cass St., Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Fax: (231) 714-0200
amanda@revisionlegal.com

*Attorneys for Plaintiff Canvasfish.com, LLC*

## Certificate of Service

      I hereby certify that on the date below I electronically filed the foregoing Memorandum in Support of Motion for Default and Default Judgment with the Clerk of the Court for the United States District Court for the Northern District of Illinois, Eastern Division, by using the CM/ECF system. I will electronically publish the documents on a website to which the Domain Names have been transferred to Plaintiff's control now redirects consistent with this Court's previous orders.

                                          Respectfully submitted,

Date: September 25, 2021          /s/ Amanda Osorio
                                          Revision Legal, PLLC
                                          444 Cass St., Suite D
                                          Traverse City, MI 49684
                                          Phone: (231) 714-0100
                                          Fax: (231) 714-0200
                                          amanda@revisionlegal.com

                                          *Attorneys for Plaintiff Canvasfish.com, LLC*